## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN NEWMAN** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.  1:20-cv-3761(TNM)** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL BUREAU OF** | : | |
| **PRISONS and UNITED** | : | |
| **STATES PAROLE COMMISSION,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF
## MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h)(1) Plaintiff John Newman hereby responds to Defendants' Statement of Undisputed Material Facts as to which there Is No Genuine Dispute ("Def. SUMF").

1.      Plaintiff admits the allegations in Def. SUMF ¶ 1.

2.      Plaintiff admits the allegations in Def. SUMF ¶ 2.

3.      Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 3 and, therefore, denies those allegations.

4.      Plaintiff denies the allegation in Def. SUMF ¶ 4 that Manuel Antonio Carlos Veciana Blanche's ("Veciana") file would have been sent to the archives for retention one year after his release from the United States Penitentiary in Atlanta, Georgia on the grounds that BOP's Declarant subsequently declared that Mr. Veciana's file "had been sent to the Federal Archives after inmate Blanche's [sic] period of supervision concluded."  Def. SUMF ¶ 7. Under the sentencing order by which Mr. Veciana was committed to the supervision of the

1

Bureau of Prisons, his period of supervision was a minimum of 10 years – 7 years of incarceration and 3 years of Special Parole – after his conviction on 13 March 1974 in Case No. 74 CR 7. Compl. Ex. 5, ECF No. 1-1 at p. 41. In addition, Defendants' Ex. B indicates that Mr. Veciana's file was included in a batch of files transferred to the National Archives and Records Administration ("NARA") after an "End Date" of 31 December 1984, i.e., ten years after the end of Mr. Veciana's supervision. ECF No. 17-6 at pp. 5, 7. Further, Defendants' Ex. D indicates that NARA received the batch of files that included Mr. Veciana's file on 30 April 1985. ECF No. 17-8 at p. 2. This exhibit also shows that Mr. Veciana's file was active until closed in 1984. *Id.* at 3. Plaintiff is without sufficient information to be able to determine the truth or falsity of the remaining allegations in Def. SUMF ¶ 4 and, therefore, denies those allegations.

5.      Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 5 and, therefore, denies those allegations.

6.      Plaintiff admits the allegation in Def. SUMF ¶ 6 that a redacted Disposal Notice was released to Plaintiff's counsel as an attachment to a response letter dated 20 August 2020. Plaintiff admits that he does not contest the redactions in the document. Plaintiff is without sufficient information to be able to determine the truth or falsity of the remaining allegations in Def. SUMF ¶ 6 and, therefore, denies those allegations.

7.      Plaintiff admits the allegation in Def. SUMF ¶ 7 that Veciana was released from "BOP custody" in 1976 to the extent that it means he was released from the federal prison facility located in Atlanta, Georgia, but denies the implied allegation that such release was an "expiration of an inmate's sentence" on the grounds that the sentence does not end until the

inmate is released from supervision and that such sentence includes any period of parole as well as any incarceration. Plaintiff admits the remaining allegations in Def. SUMF ¶ 7.

8.      Plaintiff admits the allegations contained in Def. SUMF ¶ 8.

9.      Plaintiff admits the allegations contained in Def. SUMF ¶ 9.

10.     Plaintiff admits the allegations contained in Def. SUMF ¶ 10.

11.     Plaintiff admits the allegations contained in Def. SUMF ¶ 11.

12.     Plaintiff admits the allegations contained in Def. SUMF ¶ 12.

13.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 13 and, therefore, denies those allegations.

14.     Plaintiff admits that, as alleged in Def. SUMF ¶ 14, that he submitted a FOIA request on 24 June 2020 to the defendant United States Parole Commission ("USPC"). While the request did include a request for "all records in your possession or control regarding or related to 'Manuel Antonio Carlos Veciana Blanche'", that was not the only request made in the letter which is in evidence at ECF No. 1-1, p. 1, and speaks for itself.

15.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 15 and, therefore, denies those allegations.

16.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 16 and, therefore, denies those allegations.

17.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 17 and, therefore, denies those allegations.

18.     Plaintiff admits the allegations in Def. SUMF ¶ 18.

19.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 19 that USPC conducted another search after receiving Mr.

Blanche's date of birth from Plaintiff.  Plaintiff denies the allegation that USPC's searches "included every first and last name combination provided by Plaintiff."  The USPC person conducting the search, Anissa Hunter Banks, advised Plaintiff's counsel by letter dated 5 November 2020 that she had conducted a search for the following names: "Manuel Carlos, Manuel Antoino, Manuel Veciana and Manuel Blanche."  Compl. Ex. 14, ECF No. 1-1 at p. 89.  Counsel for Plaintiff responded by letter to Ms. Banks dated 12 November 2020 noting the limited name search and advising that Mr. Veciana was most commonly known as "Antonio Veciana" and "Antonio Veciana Blanche" and again asked for a search for all reasonable combinations of the five names Mr. Veciana had.  Compl. Ex. 15, ECF No. 1-1 at p. 90.  USPC responded by letter dated 5 January 2021, after the complaint herein was filed, and again advised that a search had been conducted for only the four name variations previously indicated in the letter of 5 November 2020.  Hardway Decl. at ¶ 3 & Ex. G.  In addition, the letter also attached a printout of the search conducted in "our search engine for both our current system and our Legacy system."  The printout provided with the letter confirms that only the four name variations reported in the letter were searched by USPC.  *Id.* Plaintiff is without sufficient information to be able to determine the truth or falsity of the remaining allegations in Def. SUMF ¶ 19 and, therefore, denies those allegations.

20.    Plaintiff admits the allegation in Def. SUMF ¶ 20 that he provided USPC additional identifying information by letter dated 27 October 2020 that the Bureau of Prisons ("BOP") maintained their files on Mr. Veciana under the file name "Blanche Veciana, Manuel Antonio Carlos" and that his BOP file number was 80071-158. Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 20 that "USPC's FOIA specialist conducted another search" or that such search returned no

results. and, therefore, denies those allegations.  Plaintiff denies the allegation in Def. SUMF ¶ 20 that a search was conducted "by every first name and last name combination" for the same reasons the same allegation was denied above in regard to it being made in Def. SUMF ¶ 19.  Plaintiff admits the allegation in Def. SUMF ¶ 20 that Ms. Banks sent another letter to Plaintiff on 5 November 2020 claiming that USPC could find no record on Mr. Veciana but denies the allegation that the search reported by the letter used all the information provided by Plaintiff and the implied allegation that the search covered all the reasonable variations of the names used by Veciana and provided by Plaintiff on the grounds that the letter itself reports searching for only 4 name combinations. Compl. Ex. 14, ECF No. 1-1 at p. 89. Plaintiff is without sufficient information to be able to determine the truth or falsity of the remaining allegations in Def. SUMF ¶ 20 and, therefore, denies all allegations in said paragraph not herein specifically denied.

21.    Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 21 and, therefore, denies those allegations.

22.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 22 and, therefore, denies those allegations.

23.    Plaintiff admits the allegations in Def. SUMF ¶ 23 that Veciana was convicted on 13 March 1974 on charges of possessing and distributing cocaine.  Plaintiff denies that his conviction was in Case No. 73 CR 793 on the grounds that that case was the subject of a superseding indictment in Case No. 74 CR 7 in the Southern District of New York.  Plaintiff further denies that Veciana's sentence was seven years on the grounds that Veciana's Judgment and Commitment order sentenced him to seven years of incarceration to be

followed by three years of Special Parole for a total sentencing period of ten years of supervision. Compl. Ex. 5, ECF No. 1-1 at pp. 41, 45.

24.    Plaintiff denies the allegation in Def. SUMF ¶ 24 that the latest Mr. Veciana could remain incarcerated or on parole, without an additional intervening criminal sentence under the terms of Veciana's Judgment and Commitment order in Case No. 74 CR 7, was 13 March 1981, on the grounds that the order, which speaks for itself, sentenced Mr. Veciana to 7 years of incarceration and 3 years of Special Parole "to commence upon the expiration of confinement." Compl. Ex. 5, ECF No. 1-1 at p. 41. Plaintiff is without sufficient information to be able to determine the awareness of the USPC regarding intervening criminal sentences for Mr. Veciana which lack of awareness is alleged in Def. SUMF ¶ 24 and, therefore, denies that allegation. Plaintiff also denies the allegation in Def. SUMF ¶ 24 that Mr. Veciana was sentenced in Case No. 73 CR 793 on the grounds that said case was dismissed pursuant to a superseding indictment number 74 CR 7 under which Mr. Veciana was convicted and sentenced. Compl. Ex. 5, ECF No. 1-1 at p. 41, 45.

25.    Plaintiff denies the allegations in Def. SUMF ¶ 25 on the grounds that Mr. Veciana, under the terms of his sentencing order, was under the supervision of BOP and USPC for 10 years after being sentenced on 13 March 1974 which would have made the inactive date for his file 13 March 1984. Plaintiff further denies the implication that Mr. Veciana's file could have become inactive "before" 13 March 1981 on the grounds that such allegation is offered as speculation without proof that a USPC case file could become inactive at some time prior to the completion of his sentence. The records retention policy provided that an inactive parolee file would be retired to the Washington National Records Center ("WNRC") "any time after the case becomes inactive." Ex. E, ECF No. 17-9 at p. 3. USPC's declarant

provides no basis or factual allegation of any situation where Mr. Veciana's USPC file could have been retired prior to becoming inactive on the expiration of his sentence in March of 1984.

26.     Plaintiff admits the allegations in Def. SUMF ¶ 26 except Plaintiff denies the allegation that the record retention policy required sending the file to WNRC "when" it became inactive on the grounds that the policy, which speaks for itself and is in evidence as Govt. Ex. E, specifically provides that the file is to "[r]etire … any time after case becomes inactive." ECF No. 17-9 at p. 3.

27.     Plaintiff denies the allegation in Def. SUMF ¶ 27 that Mr. Veciana's judgment and commitment order was entered in Case No. 73 R 793 and that his parole file would have become inactive on or before 13 March 1981 on grounds previously stated above in paragraphs 12 and 13 of this Response.  Plaintiff is without sufficient information to be able to determine the truth or falsity of the remaining allegations in Def. SUMF ¶ 27 in that the "allegation" is pure unsupported speculation that the record policy was not followed correctly and that, if it had been, the implication that a record would have been located, and, therefore, denies those allegations.

28.     Plaintiff admits the allegation in Def.  SUMF ¶ 28 that a USPC's record retention policy in 1979 directed the WNRC to destroy inactive parole files ten years after the file became inactive.  Plaintiff denies the allegation in the same paragraph that Mr. Veciana's file would have been destroyed on or after 13 March 1991 for reasons previously stated in paragraphs 12 and 13 of this Response.  Plaintiff further denies the nonprobative speculative assertion of what might have happened "if the procedures were followed correctly" contained in Def.

SUMF ¶ 28 on the grounds that there is no evidence of record in any form that proper procedures were followed correctly.

29.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 29 and, therefore, denies those allegations.

30.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 30 and, therefore, denies those allegations.

31.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 31 and, therefore, denies those allegations.

32.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 32 and, therefore, denies those allegations.

33.     Plaintiff objects to consideration of the information in Def. SUMF ¶ 33 on the grounds that it contains unsupported hearsay evidence outside the purview of the personal knowledge of the Declarant.  Plaintiff also notes that the information alleged to be factual in Def. SUMF ¶ 33 is within the sole possession of the defendant and cannot be tested or verified at this time by counsel for Plaintiff due to the fact that the WNRC is currently closed to the public and is inaccessible to Plaintiff or Plaintiff's counsel.  Hardway Decl. ¶ 10, Exs. A & B. Plaintiff is, therefore, without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 33 and, therefore, denies those allegations.

34.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 34 and, therefore, denies those allegations.

35.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 35 and, therefore, denies those allegations.

36.     Plaintiff is without sufficient information to be able to determine the truth or falsity of the allegations in Def. SUMF ¶ 36 and, therefore, denies those allegations.  Plaintiff further denies the allegations in Def. SUMF ¶ 36 that USPC, at some point in its history, "failed to maintain a file transfer receipt and file destruction receipt for" Veciana's file on the grounds that it is based upon unsupported speculation that the file existed, was transferred and destroyed.

Respectfully submitted,

/s/ Dan L. Hardway

_____
Dan L. Hardway #WV0001
1114 Erbacon Rd
Cowen, WV 26206
Phone (304) 449-4722
dan@hardwaylaw.com
Counsel for Plaintiff

Dated:  20 November 2021